UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

SHAWN E. BLANCHARD                                              PLAINTIFF

v.                              Civil No. 6:17 -cv-06133

NANCY A. BERRYHILL, Commissioner                                DEFENDANT
Social Security Administration

## MEMORANDUM OPINION

Shawn E. Blanchard ("Plaintiff") brings this action pursuant to §205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C §405(g) (2010), seeking judicial review of a decision of the Commissioner of the Social Security Administration ("SSA") denying his application for Supplemental Security Income ("SSI") under Title XVI of the Act.

The Parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings. ECF No. 7.[1] Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

1. **Background**:

On June 23, 2014, Plaintiff protectively filed his application. (Tr. 171, 189). In his application, Plaintiff alleges he was disabled due to ADHD with an onset date of January 1, 2014. (Tr. 193). The claim was denied initially on July 24, 2014, and again upon reconsideration on March 25, 2015. (Tr. 107, 115).

---

[1] The docket numbers for this case are referenced by the designation "ECF No. ____" The transcript pages for this case are referenced by the designation "Tr. ___"

Thereafter, Plaintiff requested an administrative hearing on his application, and this hearing request was granted. (Tr. 117, 132). An administrative hearing was held on December 3, 2015, in Fort Smith, Arkansas. (Tr. 37). At the administrative hearing, Plaintiff was present and was represented by counsel, Lawrence Fitting. (Tr.37-82). Plaintiff, Vocational Expert ("VE") Monti Lumpkin, and Plaintiff's grandfather, Elijah Burkhart, testified at this hearing. *Id*. On the date of this hearing, Plaintiff testified he was twenty (20) years old, which is defined as a "younger person" under 20. C.F.R. § 416.963(c) (SSI), and testified he had completed the ninth grade in school. (Tr. 47-49).

On February 23, 2017, the ALJ entered an unfavorable decision on Plaintiff's application. (Tr. 24-31). In this decision, the ALJ found Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since June 23, 2014, the initial application date. (Tr. 26, Finding 1). The ALJ determined Plaintiff had the following severe impairments: attention deficit hyperactivity disorder, specific learning disorder, dysthymic disorder/persistent depressive disorder, and generalized anxiety disorder. (Tr. 26, Finding 2). The ALJ, however, also determined Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (Tr. 26-28, Finding 3).

In this decision, the ALJ evaluated the Plaintiff's subjective complaints and determined his RFC. (Tr. 28-30, Finding 4). First, the ALJ evaluated Plaintiff's subjective complaints and determined they were only partially consistent with the evidence. *Id*. Second, the ALJ determined Plaintiff returned the RFC for the following:

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform a full range of work at all exertional levels, but with the following nonexertional limitations: is able to perform work where interpersonal contact with coworkers and supervisors is incidental to work performed and there is no contact with the public, where the complexity of tasks

2

> is learned and performed by rote, with few variables and little use of judgment, where the supervision required is simple, direct, and concrete.

*Id*.

The ALJ found Plaintiff had no Past Relevant Work ("PRW"). (Tr. 30, Finding 5). The ALJ did, however, determine Plaintiff retained the capacity to perform other work existing in significant numbers in the national economy, specifically that of a hand packager, conveyor feeder offbearer, power screw driver operator, can filling machine tender, toy stuffer, or tile table worker. (Tr. 32, Finding 9). The ALJ based this determination upon the testimony of the Vocational Expert. (Tr. 30-31, Finding 9).

Plaintiff requested that the Appeals Council's review the ALJ's unfavorable disability determination. (Tr. 1). Plaintiff submitted additional medical evidence to the Appeals Council, none of which was considered by the Appeals Council. (Tr. 1-4, 10-20). On November 14, 2017, the Appeals Council declined to review the ALJ's disability determination. (Tr. 1-4). On December 19, 2017, Plaintiff filed the present appeal. ECF No. 1. The Parties consented to the jurisdiction of this Court on December 21, 2017. ECF No. 7. Both Parties have filed appeal briefs. ECF Nos. 15-16. This case is now ready for decision.

2. **Applicable Law**:

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. §405(g) (2006); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would

3

have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. §423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts

to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. § 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

3. **Discussion:**

In his appeal brief, Plaintiff alleges his case should be reversed and remanded for immediate award of benefits based upon the following issues: (A) whether ALJ's RFC determination was supported by substantial evidence; (B) whether the ALJ considered Plaintiff's impairments in combination; and (C) whether the ALJ posed a proper hypothetical question to the vocational expert. (ECF No. 15 at 10-18). In response, Defendant argues that there is no basis for reversal in this case. ECF No. 16. The Court will address each of these arguments.

    A. **Residual Functional Capacity Analysis**

Plaintiff argues the ALJ's unskilled RFC assessment did not account for Plaintiff's inability to stay on task, nor his slow performance. (ECF No. 15, p. 7). Plaintiff additionally challenges the ALJ's assessment of the opinion evidence of record. (*Id.*, p. 15). Plaintiff argues that, while the ALJ specifically stated significant weight was given to the opinions of Dr. Walz and Dr. Spray, their opinions did not constitute substantial evidence. (ECF No. 15, p. 15). However, Plaintiff also argues Dr. Spray's 2009 report was clearly not given significant weight. (*Id.*). Plaintiff argues the results of Dr. Walz testing in 2017 would have changed the outcome of the case; and appears to argue the court should consider this evidence in determining whether the ALJ's decision was supported by substantial evidence. (*Id.*, p. 16). Finally, Plaintiff argues that the ALJ erred in giving the opinion of Larry Cantrell, LPC, little weight as it was consistent with the record as a whole. (*Id.*, p. 18).

5

There is no requirement that an ALJ must obtain an RFC assessment from each treating or examining physician. The Eight Circuit Court of Appeals has upheld the Commissioner's RFC assessment in cases where the ALJ did not rely on a treating physician's functional assessment of the claimant's abilities and limitations. *See Page v. Astrue,* 484 F.3d at 1043 (the medical evidence, state agency physician opinions, and claimant's own testimony were sufficient to determine RFC); *Stormo v. Barnhart*, 377 F.3d 801, 807-808 (8th Cir. 2005) (medical evidence, state agency physicians' assessments, and claimant's reported activities of daily living supported the RFC); *Masterson v. Barnhart,* 363 F.3d 731, 738 (8th Cir. 2004) (ALJ properly relied upon assessments of consultative physicians and a medical expert). Therefore, the ALJ did not err in relying up on the opinions of Dr. Walz and Dr. Spray.

The ALJ specifically found that Plaintiff had moderate limitations in concentrating, persisting, and maintain pace. (Tr. 30). Plaintiff objected to ALJ's findings that Plaintiff's lack of motivation and effort to improve was not consistent with disability to the degree alleged. (ECF No. 15, p. 10). Plaintiff's assertion that the ALJ cited no evidence of a lack of motivation or effort to improve after the application date is erroneous. (*Id*., p. 11). While the ALJ did discuss some records generated before the date of application, he also considered the notes of Larry Cantrell, LPC, made on August 13, 2015, that stated Plaintiff was not making much effort in his home to make improvements. (Tr. 29, 632). The ALJ also considered the findings of the Arkansas Career Training institute, and that they opined Plaintiff would likely have some difficulties secondary to his learning disorder and depression. (Tr. 29).

Whether the ALJ would have decided this case differently based upon testing performed by Dr. Patricia Walz in 2017 is irrelevant, as the relevant time period ended on the date of the ALJ's decision, February 28, 2017. (Tr. 21). The Appeals Council denied Plaintiff's request for

6

review and did not consider the additional evidence provided. (Tr. 1). Plaintiff uses Dr. Walz's findings at this evaluation in his argument that the ALJ did not properly account for Plaintiff's inability to stay on task and slow performance. (ECF No. 15, pp. 9-10). As this evaluation took place after the ALJ's decision and was not in the record at the time of decision, Dr. Walz's findings cannot be used to argue the ALJ did not base his findings upon the evidence of record.

The Plaintiff argues the ALJ erred in giving little weight to the opinion of Larry Cantrell, LPC. (ECF No. 15, p. 16-18). The "checklist format, generality, and incompleteness of the assessments limit [the assessment's] evidentiary value." *Holmstrom v. Massanari*, 270 F.3d 715, 721 (8th Cir. 2001). *See Anderson v. Astrue*, 696 F.3d 790, 794 (8th Cir. 2012) (conclusory checkbox form has little evidential value when it cites no medical evidence and provides little or no elaboration). In filling out the form, Mr. Cantrell merely checked boxes, and provided no elaboration to support his opinion that Plaintiff had moderate to extreme limitations in all but one area. (Tr. 664-667)

After considering these findings, the court finds no basis for reversal on this issue.

**B. Combination of Impairments**

In his appeal brief, Plaintiff alleges the ALJ erred by failing to consider his impairments in combination. (ECF No. 15, p. 18). Plaintiff argued the ALJ understated the effects of Plaintiff's borderline intellectual functioning combined with his ADHD, combined with his persistent depressive disorder, combined with his anxiety disorder. (*Id.*).

When a Plaintiff has multiple impairments, the ALJ is required to consider the combined effect of those impairments "without regard to whether any such impairment, if considered separately, would be of sufficient severity." 20 CFR §§ 404.1523, 416.923.

7

In this case, the ALJ carefully considered the evidence of record and evaluated the combined effects of Plaintiff's impairments at both step two and in the RFC assessment. (Tr. 26-28, 29-30). At step two the ALJ specifically considered whether Plaintiff met the listing 12.05, noting Plaintiff's IQ testing which showed a full-scale IQ score of 72, a 75 on verbal comprehension and 79 on perceptual reasoning. (Tr. 28). The ALJ also considered Plaintiff's limitations in each of the broad areas of functioning and found moderate limitations in each area. (Tr. 26-27). As part of this consideration, the ALJ specifically considered Plaintiff's concentration, persistence, and ability to maintain pace. (Tr. 27). He considered Dr. Walz assessment that Plaintiff had fair attention and concentration, persisted well, could perform simple math and manage a simple budget, but his speed of information processing was slow. (*Id*). The ALJ also considered Plaintiff's ability to manage himself, noting Plaintiff's report to Dr. Walz that he was able to drive although he did not have a license yet and was able to go shopping if he was given a list. (*Id*.). In making his RFC findings, the ALJ found that Plaintiff had nonexertional limitations specifically due to his combination of mental impairments. (Tr. 30).

The Court finds the ALJ properly considered the combined effects of Plaintiff's impairments.

### C. Hypothetical Given to Vocational Expert

"The ALJ's hypothetical question to the vocational expert needs to include only those impairments that the ALJ finds are substantially supported by the record as a whole." *Martise v. Astrue*, 641 F.3d 909, 927 (8th Cir. 2011) (citing *Lacroix v. Barnhart*, 465 F.3d 881, 889 (8th Cir. 2006)). The ALJ's hypothetical question included all the limitations found to exist by the ALJ and set forth in the ALJ's RFC determination. Id. Based on the Court's previous conclusion that the ALJ's RFC findings are supported by substantial evidence, the Court holds that the hypothetical

question was proper, and the VE's answer constituted substantial evidence supporting the Commissioner's denial of benefits. Id., see also *Lacroix*, 465 F.3d at 889.

4. **Conclusion**:

Based on the foregoing, the undersigned finds the decision of the ALJ, denying benefits to Plaintiff, is supported by substantial evidence and should be affirmed. A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

ENTERED this 1st day of March 2019

/s/ *Barry A. Bryant*
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE